UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD H. STOLP,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KIM HOLLAND,<br><br>　　　　Respondent. | Case No.: 1:16-cv-00560-JLT<br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS (Doc. 3)<br><br>ORDER FOR PETITIONER TO FILE REGULAR STATUS REPORTS |

Petitioner raises several claims in this action but readily acknowledges that only ground one is exhausted. Thus, he has requested the Court stay the proceedings while he exhausts grounds three and four in state court. (Doc. 3). Petitioner indicates also that he believes that ground two need not be exhausted because it arose during the course of his direct appeal; this is not correct.

**I.      DISCUSSION**

The Court has had the discretion to stay a petition. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id.

In Rhines v. Weber, 544 U.S. 269, 275 (2005), the United States Supreme Court decided

recognized, "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and <u>Lundy</u>'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Thus, the Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust claims before proceeding with their federal petitions.  <u>Id</u>.  In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at 278.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  <u>Id</u>.

Here, Petitioner appears to have timely filed a federal habeas petition containing at least one claim, i.e., speedy trial, exhausted through state proceedings.  He has also initiated state court habeas proceedings to exhaust grounds three and four, which he hopes to be able to include in the instant petition.  However, Petitioner indicates that ground two need not be exhausted because it arose during the course of his direct appeal.  **Petitioner is incorrect.  The exhaustion requirement contains <u>no</u> exception for issues arising during the course of a direct appeal.  To the contrary, it is Petitioner's obligation to exhaust <u>any issues</u>,** *regardless of when they arise***, should he wish to include them in federal habeas proceedings.**

Accordingly, while the Court will grant the motion to stay, Petitioner will be required to show diligence and good faith by immediately initiating exhaustion proceedings for ground two or, in the alternative, move voluntarily to dismiss ground two.  The Court will not permit Petitioner to proceed in this Court piecemeal by maintaining separate exhaustion proceedings on separate potential habeas claims.

There is no indication that in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings nor does it appear that Petitioner is engaging in dilatory conduct.  Although the

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Court is not prepared to assess the merits of the sole remaining claim, a preliminary review of that claim indicates that Petitioner has at least attempted to allege a constitutional violation. Although Petitioner is incorrect in his assumption that ground two need not be exhausted, it does not appear that that Petitioner's failure to initiate exhaustion proceedings in state court regarding ground two was done in bad faith. Finally, it does not appear that any prejudice would inure to the parties by granting the requested stay. Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. **No later than 30 days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[2]** Specifically, Petitioner must provide proof that he is taking steps to exhaust ground two or, alternatively, Petitioner will be required to file a motion to dismiss ground two as unexhausted. The Court will not permit an unexhausted claim to remain in the petition during pendency of a stay if the petitioner is not taking steps to exhaust that claim.

**Further, Petitioner must proceed diligently to pursue his state court remedies, and every 60 days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings**. Following final action by the state courts, Petitioner will be allowed 30 days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 3), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's

---

[2] The filing should be entitled "Status Report."

3

       state remedies as to grounds two, three, and four;

3.    Petitioner is DIRECTED to file a status report **within 30 days** of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4.    Petitioner is DIRECTED to file a new status report **every 60 days** after the filing of the initial status report; and

5.    Petitioner is GRANTED 30 days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

IT IS SO ORDERED.

Dated:   **April 25, 2016**                    **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE