UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD H. STOLP, | Case No.: 1:16-cv-00560-JLT |
| Petitioner, | INFORMATIONAL ORDER |
| v. | |
| KIM HOLLAND, | |
| Respondent. | |

In this action, Petitioner raises the following claims: (1) violation of Petitioner's right to a speedy trial; (2) ineffective assistance of appellate counsel; (3) violation of statute of limitations; and (4) violation of Interstate Agreement on Detainers Act. (Doc. 1) Petitioner readily acknowledges that only ground one is exhausted and filed a motion to stay the proceedings in this case while he exhausts grounds three and four in state court. (Doc. 3) In his petition, Petitioner indicated that he believed, erroneously, that ground two need not be exhausted because it arose during the course of his direct appeal. On April 25, 2016, the Court issued an order granting a stay, requiring Petitioner to file regular status reports, and indicating to Petitioner that an issue is not exhausted merely because it arose during his direct appeal. (Doc. 10)

Since that time, Petitioner has filed two status reports, both indicating that he has been unable to pursue exhaustion at the intermediate appellate level because of being placed in administrative segregation, because of being limited in his access to the prison law library, and again requesting legal

advice regarding whether ground two is exhausted.

**DISCUSSION**

As mentioned in the order granting a stay, it is Petitioner's obligation to diligently pursue exhaustion in state court.  Absent diligent efforts, as explained to the Court in regular status reports, the Court will routinely lift a stay and allow the proceedings to continue, regardless of whether Petitioner has successfully exhausted additional issues.

Here, Petitioner has repeatedly asked this Court to advise him whether his ground two is exhausted, initially because the issue arose during the direct appeal and later because it was "indirectly" raised in his state petition.

Petitioner is advised that the Court is the deciding tribunal in these proceedings.  As such, it does not provide legal advice to either side in a case.  Accordingly, the Court cannot and will not provide Petitioner with an advisory opinion on whether ground two has been exhausted.  As it would with any petitioner, *the Court admonishes Petitioner to attempt to exhaust issues he believes may be unexhausted, and to proceed on those he believes are already fully exhausted*.

Also by way of admonishment, the Court notes that many petitioners find themselves in administrative segregation or other restrictive custodial environments, e.g., transfers to different facilities, prison lockdowns, etc., where an inmate's legal papers may be temporarily misplaced or otherwise unavailable.  It is a normal, albeit unfortunate, part of prison life that access to the prison law library may be limited or even eliminated for periods of time.  Those are not "extraordinary circumstances" that excuse diligence in pursuing exhaustion, and they do not relieve Petitioner from his obligation of exerting his best efforts to exhaust his state remedies pursuant to the Court's April 25, 2016 order granting the stay.

///
///
///
///
///
///

Petitioner is reminded that he has the ongoing obligation to submit regular status reports every sixty days regardless of whether there is any progress in his case. Otherwise, the Court has no way of tracking the progress, if any, of petitioner's attempts to exhaust issues in state court. His failure to comply will result in the Court lifting the stay and proceeding accordingly.

IT IS SO ORDERED.

Dated: **June 29, 2016**              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE